780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
JOE HOSKINS, Plaintiff-Appellant,
v.
INLAND TUGS COMPANY, ET AL., Defendants-Appellees.
 84-5831
 United States Court of Appeals, Sixth Circuit.
 11/14/85
 
 AFFIRMED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges, and HIGGINS, District Judge*.
 PER CURIAM.
 
 
 1
 Following a bench trial plaintiff's action seeking damages for personal injury under admiralty law and the Jones Act, 46 U.S.C. Sec. 688 et seq., was dismissed with judgment rendered for the defendants. On appeal plaintiff argues only that the trial court's findings that he failed to prove either unseaworthiness of the vessel or negligence of his employer was clearly erroneous. For the reasons that follow, we affirm.
 
 I.
 
 2
 On June 1, 1981, plaintiff jumped from an unloaded barge to a loaded chemical barge. The barge which plaintiff was boarding was from six (6) to eight (8) feet lower than the barge which he left. Plaintiff alleged that as a result of the jump he injured his right knee.
 
 
 3
 Other material facts were, however, disputed. For example, plaintiff testified that the lead deck hand, Robertson, ordered him to 'hop down' to the loaded barge. Similarly, plaintiff testified that there was some coal dust or water on the loaded barge. On the other hand, Robertson testified that he did not tell plaintiff to come down to the loaded barge and, moreover, that there was no need for him to board it at all. App. at 69.
 
 
 4
 In his memorandum opinion, the district judge found 'that plaintiff's testimony as to the manner in which the accident occurred is not worthy of belief.' App. at 10. The district judge also found that 'plaintiff jumped to the chemical barge of his own volition and without utilizing a leading line from the empty barge to the chemical barge, or going to another part of the empty barge and stepping down three (3) feet to the loaded barge. . . . There was no coal, dust or moisture on either of the barges which contributed in any way to the injuries suffered by plaintiff as a result of the fall.' App. at 10-11.
 
 II.
 
 5
 On appeal plaintiff argues that '[t]he complaint alleges various incidents of negligence, specifically lack of a reasonably safe place to work, safe and suitable means of performing the job, security equipment, failure to correct unsafe conditions, and orders requiring performance of the job in an unnecessarily hazardous manner. If the vessel, its gear or crew were unseaworthy at the time and place of the accident and such condition was the cause of [his] injuries then [defendant] is liable in damages. The specific claims of unseaworthiness are failure to furnish adequate means of egress from the coal barge to the chemical barge and the giving of an order requiring [plaintiff] to place himself in a position of hazard.' Brief for Appellant at 5.
 
 
 6
 The standard of review which is to be applied to the district court's findings of fact is set out in Rule 52(a) of the Federal Rules of Civil Procedure. Rule 52(a) provides in pertinent part: 'Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.' The Supreme Court interpreted the clearly erroneous standard in United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948): 'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' In the instant case, based on the record before the court we cannot conclude that a mistake has been committed.
 
 
 7
 With regard to the plaintiff's claim of failure to furnish adequate means of egress from the barge, the district court addressed what it apparently considered to be two adequate means of egress when it stated that plaintiff did not utilize 'a leading line from the empty barge to the chemical barge or [go] to another part of the empty barge and [step] down three (3) feet to the loaded barge.' While plaintiff seems to argue in the Statement of the Case section of his brief that these were not plausible alternatives, the district court's findings have not been shown to be clearly erroneous.
 
 
 8
 With regard to plaintiff's claim that he was given an order requiring him to place himself in a position of hazard, we note that the district court expressly rejected plaintiff's testimony and adopted Robertson's testimony that no such statement had been made.
 
 III.
 
 9
 Plaintiff has failed to show that the district court's factual findings were clearly erroneous. Accordingly, we AFFIRM the district court's dismissal of plaintiff's claim.
 
 
 
 *
 The Honorable Thomas A. Higgins, Judge, United States District Court for the Middle District of Tennessee, sitting by designation